F. #2011R01801

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - x
IN THE MATTER OF AN APPLICATION        :
OF THE UNITED STATES OF AMERICA        :        SEALED APPLICATION
FOR AN ORDER AUTHORIZING THE           :
USE OF A PEN REGISTER AND A            :
TRAP AND TRACE DEVICE                  :
- - - - - - - - - - - - - - - - - - - - x

Daniel A. Spector, an Assistant United States Attorney for the Eastern District of New York, hereby applies to the Court for an Order pursuant to 18 U.S.C. §§ 3122 and 3123, authorizing for a period of 60 days the installation and use of a pen register and a trap and trace device on (718) 954-4535, a telephone issued by VERIZON WIRELESS ("the service provider") subscribed to by DIMITRI MISHIEV, ALLIANCE CLAIM FUNDING, LLC, 1040 AVENUE OF THE AMERICAS, SUITE 24, NEW YORK, NEW YORK. (the "SUBJECT TELEPHONE").

In support of this application I state the following:

1.     I am an Assistant United States Attorney in the Office of Loretta E. Lynch, United States Attorney for the Eastern District of New York.   As such, I am an "attorney for the Government" as defined in Rule 1(b)(1) of the Federal Rules of Criminal Procedure, and therefore, pursuant to 18 U.S.C. § 3122, may apply for an Order authorizing the installation and use of pen registers and trap and trace devices.

2.     The Court has authority to order the installation and use of a pen register or a trap and trace device anywhere in

the United States if the Court finds that the attorney for the

government has certified to the Court that the information likely

to be obtained is relevant to an ongoing criminal investigation.

18 U.S.C. §§ 3122 and 3123.  As the United States Court of

Appeals for the Second Circuit has explained, an application for

a pen register or trap and trace device

> need only identify the applicant and the
> investigating law enforcement agency and
> certify that "the information likely to be
> obtained is relevant to an ongoing criminal
> investigation being conducted by that
> agency."  18 U.S.C. § 3122(b)(2).  The
> provision was not intended to require
> independent judicial review of relevance;
> rather, the reviewing court need only verify
> the completeness of the certification.

In re United States, 10 F.3d 931, 935 (2d Cir. 1993) (emphasis

added); accord In re Applications, 515 F. Supp. 2d 325, 329

(E.D.N.Y. 2007) (explaining "minimal requirement" of Section

3122(b)).

        3.    Based on information provided to me by a special

agent of the United States Department of Homeland Security,

Homeland Security Investigations ("HSI") (the "investigative

agency"), I hereby certify that the investigative agency is

conducting an ongoing criminal investigation into possible

violations of federal criminal laws, including mail and wire

fraud in violation of 18 U.S.C. §§ 1341 and 1343 by PETER LIOUNIS

and others, and that the information likely to be obtained from a

2

pen register and trap and trace device on the SUBJECT TELEPHONE

is relevant to that investigation.

4.    Based upon the above certification, the government

requests that the Court issue an Order that provides:

a.    Pursuant to 18 U.S.C. §§ 3122 and 3123,

authorization for the installation and use of a pen register to

record or decode dialing, routing, addressing, or signaling

information — excluding the decoding of post-cut-through dialed

digits ("PCTDD")[1] — transmitted from the SUBJECT TELEPHONE, to

record the date and time of such dialings or transmissions, and

to record the length of time the telephone receiver in question

is "off the hook" for incoming or outgoing calls for a period of

60 days.

b.    Pursuant to 18 U.S.C. §§ 3122 and 3123,

authorization for installation and use of a trap and trace device

on the SUBJECT TELEPHONE to capture and record the incoming

---

[1]    PCTDD "are digits that are dialed from a telephone
after a call is connected or 'cut-through.'" In re Application,
632 F. Supp. 2d 202, 203 n.1 (E.D.N.Y. 2008).  Pursuant to the
proposed Order to Service Provider, if possible, the provider
will forward only pre-cut-through-dialed digits to the
investigative agency.  If the provider's technical capabilities
require it to forward all dialed digits including PCTDD, however,
the investigative agency will only decode and forward to the
assigned special agents the numbers that are dialed before the
call is cut through.  Thus no PCTDD will be decoded or accessed
by anyone. See id. at 204 n.3 ("It is irrelevant that the
provider will forward PCTDD to the Government and that the
Government will therefore be able, if it violates the court
order, to record and decode it.").

electronic or other impulses which identify the originating

numbers or other dialing, routing, addressing, or signaling

information reasonably likely to identify the sources of wire or

electronic communications and to record the date, time and

duration of calls created by such incoming impulses, for a period

of 60 days, and that the tracing operations be without

geographical limits.

        c.    Pursuant to 18 U.S.C. § 3123(b)(1)(C),

authorization for the requested installation and use of a pen

register and a trap and trace device to include the use of such a

pen register and a trap and trace device on any changed telephone

number assigned to an instrument bearing the same IMSI as the

SUBJECT TELEPHONE, or any changed IMSI subsequently assigned to

the same telephone number as the SUBJECT TELEPHONE, or any

additional changed telephone number and/or IMSI, whether the

changes occur consecutively or simultaneously, listed to the same

subscriber and account number as the SUBJECT TELEPHONE within the

60-day period authorized by this Order.

        5.    The government further requests that the Court

direct the service provider, and any other person or entity

providing wire or electronic communication service in the United

States whose assistance is used to facilitate execution of the

Order, to notify special agents of the investigative agency, upon

oral or written request, of any and all changes (including

additions, deletions, and transfers) in service regarding the SUBJECT TELEPHONE, including telephone numbers and subscriber information (published and non-published, and excepting call detail records as described in 18 U.S.C. § 2703(c)(2)(C)) associated with these service changes.

6.   The government further requests that, pursuant to 18 U.S.C. § 3123(a)(1) and (b)(2), the Court direct that, upon service of the Order upon them, the service provider and any other person or entity providing wire or electronic communication service in the United States whose assistance may facilitate execution of the Order furnish the information, facilities, and technical assistance necessary to accomplish unobtrusively the installation and use of the pen register and trap and trace device with compensation to be paid by the investigative agency for reasonable expenses directly incurred in providing such facilities and assistance.

7.   The government further requests that the Order direct the service provider, and any other person or entity providing wire or electronic communication service in the United States whose assistance is used to facilitate execution of the Order, to furnish the results of the pen register and trap and trace device installations to special agents of the investigative agency as soon as practicable, and on a continuing basis, 24 hours a day for the duration of the Order.

8.   Finally, pursuant to 18 U.S.C. §§ 3123(d) and 2705(b), the government also requests that the service provider, and any other person or entity whose assistance is used to facilitate execution of the Order be ordered not to disclose to the listed subscriber of the telephone, or to any other person (a) the existence of the Order of Authorization; (b) the existence of the Order to Service Provider; and (c) the existence of the pen register and trap and trace device to the listed subscriber for the SUBJECT TELEPHONE, the subscribers of the telephones initiating incoming calls to or receiving outgoing calls from the SUBJECT TELEPHONE, or to any other person, unless and until otherwise ordered by the Court.  Any such disclosure might jeopardize this investigation because it would alert the target to the existence of an investigation and might lead to the destruction and/or concealment of evidence and/or the flight of target.

9.    No prior request for the relief set forth herein has been made except to the extent set forth above.  The foregoing is affirmed under the penalties of perjury.  See 28 U.S.C. § 1746.

Dated:    Brooklyn, New York
          February 24, 2012

_____
Daniel A. Spector
Assistant United States Attorney
(718) 254-6345

F.#2011R01801

UNITED STATES DISTRICT COURT  **MISC.**  `13-353`
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - x
IN THE MATTER OF AN APPLICATION        :
OF THE UNITED STATES OF AMERICA        :      SEALED ORDER
FOR AN ORDER AUTHORIZING THE           :      TO SERVICE PROVIDER
USE OF A PEN REGISTER AND              :
A TRAP AND TRACE DEVICE                :
- - - - - - - - - - - - - - - - - - - - - x

WHEREAS this Court has, upon the application of the

United States of America, entered an Order pursuant to 18 U.S.C.

§§ 3121 et seq., authorizing the use of a pen register and a trap

and trace device for a period of 60 days on (718) 954-4535, a

telephone issued by VERIZON WIRELESS ("the service provider")

subscribed to by DIMITRI MISHIEV, ALLIANCE CLAIM FUNDING, LLC,

1040 AVENUE OF THE AMERICAS, SUITE 24, NEW YORK, NEW YORK. (the

"SUBJECT TELEPHONE").

Now therefore, it is hereby:

1.   ORDERED, pursuant to 18 U.S.C. § 3123, that

special agents of the United States Department of Homeland

Security, Homeland Security Investigations (the "investigat

agency") may install, or cause to be installed, and use a

register to record or decode dialing, routing, addressinç

signaling information transmitted from the SUBJECT TELEF

record the date and time of such dialings or transmiss

to record the length of time the telephone receiver i'

is "off the hook" for incoming or outgoing calls for

60 days, beginning at any time within 14 days from the date of this Order.

2.    IT IS FURTHER ORDERED that, to the extent possible in light of the service provider's technical capabilities, the service provider shall forward to the investigative agency only those digits dialed before a call is cut-through.  However, to the extent that the service provider is unable to exclude post-cut-through dialed digits, the service provider shall forward all dialed digits to the investigative agency.

3.    IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123, that special agents of the investigative agency may install, or cause to be installed, and use a trap and trace device on the SUBJECT TELEPHONE to capture and record the incoming electronic or other impulses which identify the originating number, or other dialing, routing, addressing, and signaling information reasonably likely to identify the source of a wire or electronic communication, and to record the date, time, and duration of calls created by such incoming impulses, for a period of 60 days, beginning at any time within 14 days from the date of this Order, and that the tracing operations be without geographical limits.

4.    IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123(b)(1)(C), that this authorization for the installation and use of a pen register and a trap and trace device applies not

2

only to the telephone number listed above for the SUBJECT
TELEPHONE, but also to any changed telephone number assigned to
an instrument bearing the same IMSI as the SUBJECT TELEPHONE, or
any changed IMSI subsequently assigned to the same telephone
number as the SUBJECT TELEPHONE, or any additional changed
telephone number and/or IMSI, whether the changes occur
consecutively or simultaneously, listed to the same subscriber
and wireless telephone account number as the SUBJECT TELEPHONE
within the 60-day period authorized by this Order.

     5.    IT IS FURTHER ORDERED that the service provider
and any other person or entity providing wire or electronic
communication service in the United States whose assistance is
used to facilitate execution of the Order notify special agents
of the investigative agency, upon oral or written request, of any
and all changes (including additions, deletions, and transfers)
in service regarding the SUBJECT TELEPHONE to include telephone
numbers and subscriber information (published and non-published,
and excepting call detail records, as described in 18 U.S.C.
§ 2703(c)(2)(C)) associated with these service changes.

     6.    IT IS FURTHER ORDERED, pursuant to 18 U.S.C.
§ 3123(a)(1) and (b)(2), and 18 U.S.C. § 2703(c) and (d), that
upon service of this Order upon it, the service provider and any
other person or entity providing wire or electronic communication
service in the United States whose assistance is used to

3

facilitate execution of the Order shall furnish special agents of the investigative agency forthwith all information, including but not limited to telephone subscriber information, facilities, and technical assistance necessary to accomplish the installation and use of the pen register and trap and trace device unobtrusively and with minimum interference.

7.    IT IS FURTHER ORDERED that the service provider and any other person or entity providing wire or electronic communication service in the United States whose assistance is used to facilitate execution of the Order furnish the results of the pen register and trap and trace device installations to special agents of the investigative agency as soon as practicable, and on a continuing basis, 24 hours a day for the duration of the Order.

8.    IT IS FURTHER ORDERED that the service provider and any other person or entity that provides technical assistance in executing this Order be compensated by the investigative agency for reasonable expenses directly incurred in providing such assistance.

9.    IT IS FURTHER ORDERED that this Order shall be sealed until otherwise ordered by the Court, except that copies may be retained by the United States Attorney's Office, the investigative agency, the service provider and any other person or entity whose assistance is used to execute this Order.

4

10.   IT IS FURTHER ORDERED, finally, that unless and until otherwise ordered by the Court, the service provider and its representatives, agents and employees, and any other person or entity providing technical assistance in executing this Order shall not disclose until further notice in any manner, directly or indirectly, by any action or inaction: (a) the existence of the Order of Authorization; (b) the existence of the Order to the Service Provider; and (c) the existence of the pen register and trap and trace device to the listed subscriber for the SUBJECT TELEPHONE, the subscribers of the telephones initiating incoming calls to or receiving outgoing calls from the SUBJECT TELEPHONE, or to any other person.

Dated:      Brooklyn, New York
            February 24, 2011


                        _____
                        HON. LOIS BLOOM
                        UNITED STATES MAGISTRATE JUDGE
                        EASTERN DISTRICT OF NEW YORK

F.#2011R01801

MISC. 12-156-1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - x
IN THE MATTER OF AN APPLICATION        :
OF THE UNITED STATES OF AMERICA        :
FOR AN ORDER AUTHORIZING THE           :        SEALED ORDER
USE OF A PEN REGISTER AND A            :        OF AUTHORIZATION
TRAP AND TRACE DEVICE                  :
- - - - - - - - - - - - - - - - - - - - - - - x

This matter comes before the Court pursuant to an

application by Assistant United States Attorney Daniel A.

Spector, an attorney for the Government as defined by Rule

1(b)(1) of the Federal Rules of Criminal Procedure and a duly-

authorized representative of a "governmental entity" under 18

U.S.C. § 2703(c) and (d) requesting an Order pursuant to 18

U.S.C. §§ 3122 and 3123, authorizing for a period of 60 days the

installation and use of a pen register and a trap and trace

device on (718) 954-4535, a telephone issued by VERIZON WIRELESS

("the service provider") subscribed to by DIMITRI MISHIEV,

ALLIANCE CLAIM FUNDING, LLC, 1040 AVENUE OF THE AMERICAS, SUITE

24, NEW YORK, NEW YORK. (the "SUBJECT TELEPHONE").

UPON REVIEW OF THE APPLICATION, THE COURT HEREBY FINDS

THAT, pursuant to 18 U.S.C. § 3123, Applicant has certified that

the information likely to be obtained by use of a pen register

and a trap and trace device is relevant to an ongoing criminal

investigation being conducted by the United States Department of

Homeland Security, Homeland Security Investigations (the

"investigative agency") into possible violations of federal

criminal laws, including mail and wire fraud in violation of 18 U.S.C. §§ 1341 and 1343 by PETER LIOUNIS and others, and that the information likely to be obtained from a pen register and trap and trace device on the SUBJECT TELEPHONE is relevant to that investigation.

IT IS HEREBY ORDERED, pursuant to 18 U.S.C. § 3123, that special agents of the investigative agency may install, or cause to be installed, and use a pen register to record or decode dialing, routing, addressing, or signaling information transmitted from the SUBJECT TELEPHONE — excluding the decoding of post-cut-through dialed digits ("PCTDD")‐ — to record the date and time of such dialings or transmissions, and to record the length of time the telephone receiver in question is "off the hook" for incoming or outgoing calls for a period 60 days, beginning at any time within 14 days from the date of this Order, and that the tracing operations be without geographical limits.

---

‐    PCTDD "are digits that are dialed from a telephone after a call is connected or 'cut-through.'" In re Application, 632 F. Supp. 2d 202, 203 n.1 (E.D.N.Y. 2008). Pursuant to the proposed Order to Service Provider, if possible, the provider will forward only pre-cut-through-dialed digits to the investigative agency. If the provider's technical capabilities require it to forward all dialed digits including PCTDD, however, the investigative agency will only decode and forward to the assigned special agents the numbers that are dialed before the call is cut through. Thus no PCTDD will be decoded or accessed by anyone. See id. at 204 n.3 ("It is irrelevant that the provider will forward PCTDD to the Government and that the Government will therefore be able, if it violates the court order, to record and decode it.").

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123, that special agents of the investigative agency may install, or cause to be installed, and use a trap and trace device on the SUBJECT TELEPHONE to capture and record the incoming electronic or other impulses which identify the originating number, or other dialing, routing, addressing, and signaling information reasonably likely to identify the source of a wire or electronic communication, and to record the date, time, and duration of calls created by such incoming impulses, for a period of 60 days, beginning at any time within 14 days from the date of this Order, and that the tracing operations be without geographical limits.

IT IS FURTHER ORDERED that this authorization for the installation and use of a pen register and a trap and trace device applies not only to the telephone number listed above for the SUBJECT TELEPHONE, but also to any changed telephone number assigned to an instrument bearing the same IMSI as the SUBJECT TELEPHONE, or any changed IMSI subsequently assigned to the same telephone number as the SUBJECT TELEPHONE, or any additional changed telephone number and/or IMSI, whether the changes occur consecutively or simultaneously, listed to the same subscriber and wireless telephone account number as the SUBJECT TELEPHONE within the 60-day period authorized by this Order.

IT IS FURTHER ORDERED that the service provider and any other person or entity providing wire or electronic communication

3

service in the United States whose assistance is used to
facilitate execution of the Order notify special agents of the
investigative agency, upon oral or written request, of any and
all changes in service regarding the SUBJECT TELEPHONE to include
telephone numbers and subscriber information (published and non-
published and excepting call detail records as described in 18
U.S.C. § 2703(c)(2)(C)) associated with these service changes.

IT IS FURTHER ORDERED, pursuant to 18 U.S.C.
§ 3123(a)(1) and (b)(2), and 18 U.S.C. § 2703(c) and (d), that
upon service of this Order upon it, the service provider and any
other person or entity providing wire or electronic communication
service in the United States whose assistance may facilitate
execution of the Order shall furnish special agents of the
investigative agency forthwith all information, including but not
limited to telephone subscriber information, facilities, and
technical assistance necessary to accomplish the installation and
use of the pen register and trap and trace device unobtrusively
and with minimum interference.

IT IS FURTHER ORDERED that the service provider and any
other person or entity providing wire or electronic communication
service in the United States whose assistance is used to
facilitate execution of the Order furnish the results of the pen
register and trap and trace device installations to special

4

agents of the investigative agency as soon as practicable, and on a continuing basis, 24 hours a day for the duration of the Order.

IT IS FURTHER ORDERED that the service provider and any other person or entity whose assistance is used to facilitate this Order be compensated by the investigative agency for reasonable expenses directly incurred in providing such assistance.

Good cause having been shown, IT IS FURTHER ORDERED, pursuant to 18 U.S.C. §§ 3123(d) and 2705(b), that this Order and the application be sealed until otherwise ordered by the Court, and that the service provider, its representatives, agents and employees, and any other person or entity involved in facilitating this Order shall not disclose in any manner, directly or indirectly, by any action or inaction, (a) the existence of the Order of Authorization; (b) the existence of the Order to Service Provider; and (c) the existence of the pen register and trap and trace device to the listed subscriber for the SUBJECT TELEPHONE, the subscribers of the telephones

initiating incoming calls to or receiving outgoing calls from the

SUBJECT TELEPHONE, or to any other person.

Dated:      Brooklyn, New York
            February 24, 2011


_____
HON. LOIS BLOOM
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK

6